that she was unable to get out of bed at least once a week.  The undersigned notes that there is no reference in the file to that severe of a problem." (T. 21).

In addition, the ALJ discussed Plaintiff's Waddell's testing scores.  Again he noted that Plaintiff's Waddell's scores were high in the Functional Capacity Assessment Evaluations performed on June 13, 2001, and July 23, 2002, which is indicative of "symptom magnification and thus likely not a true reflection of the [Plaintiff's] actual capabilities." (T. 21).

In line with these findings, the ALJ properly disregarded some of Plaintiff's complaints and regarded those that were supported by the medical evidence.  Based on the medical evidence and Plaintiff's reports, the ALJ found that Plaintiff was capable of performing restricted light work, with certain additional limitations noted during the two periods discussed by the ALJ.  Thus, the Court finds that the ALJ properly considered Plaintiff's complaints and his findings are supported by substantial evidence.

## IV.  CONCLUSION

For the reasons set forth above, the Undersigned **ORDERS** that the decision of the Commissioner is **AFFIRMED**.  The Clerk is directed to **ENTER** judgment in favor of the Defendant and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on this 21st day of March, 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge